## UNITED STATES ex rel. McCATHRAN v. DOYLE, Municipal Judge.

(Court of Appeals of District of Columbia. Submitted May 3, 1920. Decided June 2, 1920.) No. 3379.

Appeal from the Supreme Court of the District of Columbia.

Petition by the United States, on the relation of Sarah E. McCathran, for a writ of mandamus to compel Michael M. Doyle, as Judge of the Municipal Court of the District of Columbia, to proceed with a landlord and tenant case. Judgment for defendant, and relator appeals. Reversed and remanded.

Geo. E. Sullivan. of Washington, D. C., for appellant.

Geo. E. Edelin, Julius I. Peyser, and J. C. Adkins, all of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, filed a petition in the Supreme Court of the District of Columbia for a writ of mandamus to compel defendant, a judge of the municipal court of the District of Columbia, to proceed with a landlord and tenant case pending in that court, in which appellant, the landlord, was plaintiff, and one Annie C. McGee, the tenant, was defendant.

It appears that, when the action was filed in the municipal court, the court ordered proceedings suspended pending the "filing of proper papers by either side before rent commission within a reasonable time." In other words, it amounted to remanding the matter to the rent commission for determination. In accordance with the order, the tenant filed a complaint before the rent commission.

Appellant bases his right of action upon the invalidity of the Ball Rent Law (41 Stat. 298). It is contended, however, by defendant, that plaintiff is not in position to raise this question, since she should have proceeded before the rent commission in the manner provided by the act, and, if aggrieved by the decision of the commission, have appealed. It may be that plaintiff

could have appeared specially and pleaded to the jurisdiction of the commission, on the ground of the unconstitutionality of the act, and thus have reserved the question on appeal to this court. But, in view of our decision this day rendered in Hirsh v. Block (No. 3,372) 50 App. D. C. ——, 267 Fed. 614, holding the act totally void, it would be an idle thing to remand the plaintiff to the rent commission, which we have held is without jurisdiction.

The judgment of the Supreme Court of the District of Columbia is therefore reversed, and the cause is remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.

SMYTH, Chief Justice (dissenting). This case involves the same questions as Hirsh v. Block, 50 App. D. C. ——, 267 Fed. 614, just decided, and for the reasons given by me in that case I dissent in this.